## Case No. 5,194.
GALLAGHER v. ROBERTS.

[1 Wash. C. C. 320.] [1]

Circuit Court, D. Pennsylvania. Oct. Term, 1806.

Mr. Levy, for plaintiffs in equity,

Mr. Hallowell, for defendant.

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

WASHINGTON, Circuit Justice. The plea not being denied by a replication, but set down for argument, must be considered as true; and therefore we must now take it as a fact that the management and slip, if material, did not take place, because the plea denies them. A verdict and judgment is no bar to relief in equity, provided the bill lays an equitable ground for relief, and the plea does not deny the ground laid. If it does, then the plaintiff may reply generally, and go on to suport the facts stated in the bill, to entitle him to relief. If he do so, and fail in his proof, the plea will be a good bar, as well as if he had set down the cause upon the plea; which would have admitted the truth of the plea. If the bill contain no ground for relief, the defendant ought to demur. But in this case, the bill lays a ground for relief, which is not denied—namely, that the amount of the bill remitted to the defendant, was lost to the plaintiff, by his neglect in not giving notice of the protest. This defence was deemed inadmissible at law; because as it did not appear that it was remitted as a payment, the claim of the plaintiff, for the improper conduct of the defendant, was for damages only, which could not be offset at law. But it is a good ground of relief in equity. We shall therefore overrule the plea, and let it stand for an answer, if the defendant wishes it.